IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA ELDRIDGE,<br>　　　　Plaintiff,<br>　　v.<br>WALMART SUPERCENTER-STORE #2561 *et al.*,<br>　　　　Defendants. | CIVIL ACTION NO. 24-5451 |

MEMORANDUM OPINION

Rufe, J.　　　　　　　　　　　　　　　　　　　　　　　　　　December 30, 2024

　　Plaintiff Patricia Eldridge brings this action against Defendants Walmart Supercenter-Store #2561 and Walmart Stores Inc. (collectively, "Walmart") alleging serious and permanent personal injuries occurring when Eldridge slipped and fell in a Walmart store in Erie, Pennsylvania on or about November 26, 2023. For the reasons set forth below, the Court orders the transfer of this case *sua sponte* to the United States District Court for the Western District of Pennsylvania.

I.　　**BACKGROUND**[1]

　　On November 26, 2023, Eldridge was at Walmart Supercenter #2561, located at 5350 West Ridge Road, Erie, Pennsylvania, 16506.[2] Eldridge asserts that upon exiting Walmart, she "was caused to trip and fall as a result of exposed twine that was on display near the market-side

---

[1] The facts alleged in the Complaint are assumed true for purposes of this Opinion and subsequent Order.

[2] Compl., Def.'s Notice Removal, Ex. A ¶¶ 2, 10 [Doc. No. 1] (hereinafter "Compl.").

entrance of the store."[3] As a result of the fall, Eldridge sustained injuries including a fractured left knee, a sprained left wrist, and a sprained left hip.[4]

Eldridge filed a complaint in the Philadelphia Court of Common Pleas on September 13, 2024, asserting claims of negligence.[5] On October 11, 2024, Defendants removed the action to this Court on the basis of diversity jurisdiction.[6]

On October 30, 2024, the Court ordered the parties to show cause in writing no later than November 13, 2024, as to why this case should not be transferred *sua sponte* to the Western District of Pennsylvania, where Plaintiff resides and where all alleged events giving rise to the cause of action occurred.[7] The parties did not respond. On December 13, 2024, this Court set a Show Cause Hearing for December 19, 2024 ordering the parties to appear before the Court to show cause as to why they should not be held in civil contempt for failure to comply with the Court's order.[8] The attorneys for the parties each filed letters addressed to the Court noting that they did not object to transfer to the United States District Court for the Western District of Pennsylvania and noting that the parties were working on a stipulation to transfer.[9] In response, the Court discharged the show cause order.[10] No stipulation, however, has been filed.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying

---

[3] Compl. ¶ 11.

[4] Compl. ¶ 12.

[5] *See* Compl.

[6] Def.'s Notice Removal ¶¶ 17, 20, 22 [Doc. 1].

[7] Order [Doc. No. 10].

[8] Order [Doc. No. 11].

[9] Defs.' Letter dated December 16, 2024 [Doc. No. 12]; Pl.'s Letter dated December 18, 2024 [Doc. No. 13].

[10] Order [Doc. No. 14].

venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[11] Should a plaintiff file suit in an improper forum, a district court is "required either to dismiss or transfer to a proper forum."[12] Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[13]

Before transferring to a new venue, the court must determine whether venue would be proper in the transferee district.[14] Where jurisdiction is founded only on diversity of citizenship, venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[15]

If the transferee district satisfies one of the § 1391(b) categories above, the court must then determine whether transfer would promote the convenience of the litigation and the interests of justice.[16] To do so, the court employs the analysis set forth in *Jumara v. State Farm Insurance*,[17] assessing the transfer motion in light of both private and public interests.[18] Lastly, "the plaintiff's

---

[11] 28 U.S.C. § 1406(a).

[12] *Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007). *See also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-466 (1962) (noting that federal courts may transfer cases initially brought in an improper forum, regardless of whether or not the federal court has personal jurisdiction).

[13] 28 U.S.C. § 1404(a).

[14] *Weber v. Basic Comfort, Inc.*, 155 F. Supp. 2d 283, 284 (E.D. Pa. 2001).

[15] 28 U.S.C. § 1391(b).

[16] *Weber*, 155 F. Supp. 2d at 284 (citation omitted).

[17] 55 F.3d 873 (3d Cir. 1995).

[18] *Id.* at 879.

choice of venue should not be lightly disturbed."[19] However, "transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen [their] 'home turf' or a forum where the alleged wrongful activity occurred."[20]

While the Third Circuit has not decided whether a district court may transfer venue on its own motion, "[c]ourts within this Circuit have held that when no motion to transfer to a more convenient venue has been filed, the court may *sua sponte* transfer the case, but only after first providing the parties with an opportunity to brief the transfer issue."[21]

### III.    DISCUSSION

#### A.    Venue is not Proper in the Eastern District of Pennsylvania

First, the Court must determine whether venue is proper in the Eastern District of Pennsylvania under § 1406(a). Eldridge, in her Complaint, asserts that jurisdiction and venue are proper in Philadelphia County because "Defendants regularly and systemically [sic] conduct business herein."[22] While Plaintiff's assertion may be accurate, it is insufficient to establish the Eastern District as proper venue in this case. First, under § 1391(b)(1), Defendants do not "reside" here.[23] Residency of corporations for venue purposes is defined by § 1391(d), which states:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most

---

[19] *Id.* (internal quotation marks and citations omitted).

[20] *Rudolph v. HR Specialist*, 37 F. Supp. 3d 740, 744 (D. Del. 2014) (internal quotation marks and citations omitted).

[21] *Id.* at 743 n.3 (collecting cases).

[22] Compl. ¶¶ 8-9.

[23] 28 U.S.C. § 1391(b)(1).

significant contacts.[24]

Thus, for venue to be proper in the Eastern District, Defendants must have sufficient contacts within the district to subject it to personal jurisdiction, "as if the Eastern District were a separate state."[25] To determine whether Defendants may be subject to personal jurisdiction in the Eastern District, the Court "must conduct a personal jurisdiction analysis, treating [each Defendant] as a foreign corporation and the Eastern District of Pennsylvania as a state."[26] The personal jurisdiction analysis is governed by Pennsylvania's long-arm statute, which "provides for jurisdiction 'based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States.'"[27] As such, for purposes of venue, Defendants must maintain minimum contacts with the Eastern District so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice."[28]

Personal jurisdiction can be specific or general.[29] "Where a cause of action arises from, or relates to, the defendant's contacts with the forum, specific jurisdiction exists."[30] Here, because no events associated with the litigation occurred within the Eastern District, there is no basis for the exercise of specific personal jurisdiction over Defendants.[31] General jurisdiction exists where a defendant has "continuous and systematic" contacts with the Eastern District so as

---

[24] 28 U.S.C. § 1391(d).

[25] *Johnson v. Gabriel Bros., Inc.*, No. 13-7415, 2014 WL 2921652, at *2 (E.D. Pa. June 27, 2014).

[26] *The ICA Group, LLC v. Taggart Glob., LLC,* No. 12-6156, 2013 WL 159936, at *1 (E.D. Pa. Jan. 15, 2013); *see also Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 443 (E.D. Pa. 1999) (characterizing the analysis for venue purposes as "a fictitious personal jurisdiction analysis").

[27] *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (alteration in original) (quoting 42 Pa. Cons. Stat. Ann. § 5322(b)).

[28] *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[29] *Id.*

[30] *McMahon v. Arsenberger Trucking Co.*, No. 17-1242, 2017 WL 3740643, at *3 (E.D. Pa. Aug. 29, 2017) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

[31] *See id.*

"to render [it] essentially at home in the forum state."[32] Plaintiff merely alleges that "Defendants regularly and systemically [sic] conduct business herein."[33] This general allegation is insufficient to establish general jurisdiction for Defendants in this case. Thus, venue is improper under § 1391(b)(1).

Second, under § 1391(b)(2), venue is improper in the Eastern District because a substantial part of the events giving rise to the claim did not occur within this district. In fact, none of the events giving rise to the claim occurred within this district, none of the parties reside in this district, none of the potential evidence would likely reside in this district, and none of the potential witnesses would likely reside in this district. Third, pursuant to § 1391(b)(3), venue is improper in the Eastern District because, as discussed above, it does not appear that Defendants are subject to personal jurisdiction in this district, and there are other, more appropriate districts in which the action may be brought. Thus, venue is improper in the Eastern District of Pennsylvania.

### B.     Venue is Proper in the Western District of Pennsylvania

Next, the Court must consider where venue would be proper. Section 1391(b)(2) provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[34] The "substantial part" element "does not require that the majority of operative facts underlying a claim occur in one district, although

---

[32] *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (alteration in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

[33] Compl. at ¶ 9.

[34] 28 U.S.C. § 1391(b)(2).

events that are only tangentially connected to the action are not sufficient to establish proper venue."[35]

Plaintiff asserts her injuries occurred in a Walmart Supercenter located in Erie, Pennsylvania. Thus, venue is proper in the Western District of Pennsylvania under § 1391(b)(2). Moreover, the Western District of Pennsylvania appears to be where Plaintiff is located, where any potential witnesses to the accident would be located, and where any evidence, such as medical records, would be located. As venue would be proper in the Western District of Pennsylvania, a transfer of venue analysis is appropriate under 28 U.S.C. § 1404(a).

        C.        **The *Jumara* Factors Permit Transfer to the Western District of Pennsylvania**

Having determined that venue would be appropriate in the Western District of Pennsylvania, the Court must now analyze the case under *Jumara* "to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer" to that district.[36] Under *Jumara*, the Court considers both public and private interests.[37] Public interests include: the "enforceability of any judgment; practical considerations that could make the trial easy, expeditious or inexpensive; relative administrative difficulty resulting from court congestion; local interest in deciding the controversy; relative importance of public policies; and, familiarity of the trial judge with the applicable state law in diversity cases."[38] Private interests include: "plaintiff's choice of venue; defendant's preference; where the claim arose; convenience of the witnesses to the extent they might be unavailable for trial in one

---

[35] *Optimal Interiors, LLC v. The HON Co.*, No. 09-1906, 2009 WL 3837409, at *3 (E.D. Pa. Nov. 13, 2009); *see also Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

[36] *Jumara*, 55 F.3d at 879 (citations omitted).

[37] *Id.*

[38] *Connors v. R&S Parts & Servs. Inc.*, 248 F. Supp. 2d 394, 395 (E.D. Pa. 2003) (citing *Jumara*, 55 F.3d at 879; *Williams v. Weis Markets, Inc.*, No. 01-4474, 2002 WL 80309, at *1 (E.D. Pa. Jan. 18, 2002)).

of the fora; and, the extent to which records or other documentary evidence would be available for production."[39]

The Court finds that the public interest factors weigh in favor of transferring venue. While a judgment entered in either district is readily enforceable against either party, courts in each district are familiar with the applicable state law, and neither forum appears to have a local policy that is particularly implicated by this case, these factors appear to be neutral. However, practical considerations will make a trial in the Western District more convenient as the accident occurred in the Western District, witnesses to the accident are presumably in or near the Western District, and presumably Plaintiff's physicians and medical records are located in the Western District as Plaintiff resides there.

The Court finds that private interests weigh in favor of transferring venue. Based on the facts of the case and that the Court is transferring this case *sua sponte*, the parties' choice of federal venue is unclear. While Plaintiffs filed in Philadelphia County, Defendants removed the case here, and thus the case is no longer in Plaintiff's original choice of forum. The remaining private interest factors strongly favor transfer to the Western District. Plaintiff resides in the Western District, all alleged events giving rise to the claim arose in the Western District, Defendant Supercenter-Store #2561 is located in the Western District, any potential witnesses to the accident would be in or near the Western District, and any records, such as medical records, are presumably located in or near the Western District. Transferring this case to the Western District would greatly enhance the convenience to all parties.

---

[39] *Id.*

**IV.    CONCLUSION**

For the reasons set forth above, the case will be transferred to the United States District Court for the Western District of Pennsylvania. An appropriate order follows.